## HALLOWELL v. KEAN.

Supreme Court. New Castle. November, 1796.

*Bayard's Notebook, 161.*

*Vandyke* and *Ridgely* for plaintiff. The question controverted in this cause was simply a question of fact, and therefore proper for a jury to decide. There was evidence on both sides, and it cannot be said that the weight of it was with the defendant. Where the scales of evidence hang nearly equal the court will not interfere. There ought to be great preponderance to warrant their interposition, 3 Bl.Comm. 392, 393. It is said in 3 Wils. 45–47 that the court will not grant a new trial where there is a contrariety of evidence; and in 1 Wils. 22, not because the verdict is against the opinion of the judge who tried the cause. The same doctrine is 2 Str. 1142. They apprehended that the Court from a view of the evidence could not say that the preponderance was so greatly in favor of the defendant as to render it manifest the jury had decided against the weight of it.

PER CURIAM. This cause has been fully heard at the bar, and the Court are clearly and decidedly of opinion that the rule which

has been granted ought to be made absolute. If the question depends only on the credit of the witnesses on each side probably the Court would not have interfered. We shall take the evidence as it was given without impeaching the testimony of witness on either side. The ground of our judgment is that admitting all the testimony for the plaintiff to be true, it did not warrant the inferences upon which the verdict appears to be grounded. As to the written evidence the court are presumed as competent to construe it rightly as the jury.

It is necessary to consider the nature of the case. There was a judgment and execution against the plaintiff and at the same time a mortgage upon the plaintiff's lands for a debt, part of which was payable at a future day. The execution ordered the sheriff to sell the land subject to the mortgage. The peculiar circumstance of part of the money being payable in future obliged the sheriff to state that the lands would be sold subject to the mortgage; that is, that the purchaser should take the land and have the benefit of the credit in the mortgage as to the money not payable. This was for the benefit of the present plaintiff, the defendant in the execution, because the land would sell for more money when part was not immediately payable.

But the only question is whether in selling "subject the mortgage" was included or excluded. At the first sale the thing was differently understood by the different witnesses. Taylor was surprised at Gilpin's bidding £1200. He understood it exclusive; Gilpin conceived it inclusive. A strong circumstance is that the right of the defendant required that the credit given in the mortgage should be transferred to the purchaser. If the sale had been exclusive of the mortgage, the mortgage must have been paid before it was due. The misunderstanding which existed at the first place of sale might have occasioned the adjournment, and upon the second occasion when the sale was completed the difficulty might have been removed. There is no witness for the plaintiff who speaks of the terms when the sale actually took place. The fact as to the terms of the actual sale is inferred from the terms offered at the sale first proposed. But under the circumstances of the case, if the terms had been that the land was sold subject, we should clearly have taken it to have been inclusive of the mortgage. If this construction be right, the sheriff's return was true, and plaintiff not entitled to recover.

A new trial must therefore be granted.

At April Term, 1797, this cause came on to be tried a second time when the jury gave a verdict for the defendant.